# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

FILED

November 8, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,
**PUBLICATION**

    Plaintiff-Appellee,
**November 8, 1999**

v.

TERRY ALLEN DOMINY,

    Defendant-Appellant.

(    **FOR**

(

(    **Filed:**

(

(

(    Lawrence County

(

(    Hon. Jim T. Hamilton,

(    Judge

(

(    No. M1995-00001-SC-R11-CD

---

For Plaintiff-Appellee:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Gordon W. Smith
Associate Solicitor General
Nashville, Tennessee

James G. White, II
District Attorney General
Lawrenceburg, Tennessee

For Defendant-Appellant:

Peter G. Heil
Nashville, Tennessee
(Appeal Only)

Shara Flacy
William Bright
District Public Defenders
Pulaski, Tennessee

## O P I N I O N

TRIAL COURT AND
COURT OF CRIMINAL APPEALS
REVERSED; CONVICTIONS VACATED;
INDICTMENTS DISMISSED.                DROWOTA, J.

      The dispositive issues in this appeal are as follows: (1) whether the

indictment in this case charging the defendant with aggravated rape is sufficient to

support a conviction for spousal rape, a "lesser grade" offense under this Court's

decision in State v. Trusty, 919 S.W.2d 305 (Tenn. 1996); and (2) if so, should this Court reconsider it decision in Trusty.

We agree with the Court of Criminal Appeals that, under Trusty, the indictment in this case would be sufficient to support a conviction for the "lesser grade" offense of spousal rape. However, upon careful reconsideration, we overrule Trusty to the extent that it recognizes "lesser grade" offenses as distinct from lesser-included offenses and permits convictions of "lesser grade" offenses that are not lesser-included offenses embraced by the indictment. In light of our overruling of Trusty, the indictment in this case is not sufficient to support a conviction for spousal rape. Therefore, we vacate the defendant's convictions, dismiss the indictments, and remand this case to the trial court for further proceedings consistent with this decision.[1]

## FACTUAL BACKGROUND

The defendant, Terry Allen Dominy vaginally raped his wife on three separate occasions with his dog. As a result, he was charged with three counts of aggravated rape. Tenn. Code Ann. § 39-13-502 (1991). Defense counsel argued that the defendant could not be prosecuted for aggravated rape because he was married to the victim at the time these offenses allegedly occurred and Tennessee

---

[1]The defendant raised two other issues in this appeal: (1) whether the trial court erred in refusing to grant the defendant's motion for recusal; and (2) whether the trial court erred in admitting into evidence a tape-recorded interview between the victim and the field supervisor of the Department of Human Services. Because we have reversed and remanded on other grounds, we need not address these issues in detail. However, we note that the proof in this record indicates that the trial judge was residing in a home owned by the assistant district attorney who prosecuted this case and was paying only the utilities and cable bills and not monthly rental. Under such circumstances, recusal is appropriate. See Sup. Ct. R. 10, Code of Judicial Conduct, Canons 2(A) 4(D)(5), and 3(E). We also agree with the defendant that the trial court erred in allowing the State to offer into evidence the entire tape-recorded interview of the victim by the Department of Human Services field supervisor. While the State has the right to "convey the true picture of the prior statement alleged to be inconsistent," State v. Boyd, 797 S.W.2d 589, 593-94 (Tenn. 1990), this rule does not form a basis for reference to portions of the statement which were not made an issue on cross-examination and which are not necessary to convey an accurate picture of the matters discussed on cross-examination. The trial judge could have either allowed the State to question the witness concerning her prior statement to place her testimony on cross-examination into context or permitted the State to use the transcript of the DHS tape to refresh the victim's recollection. Neither the tape nor the transcript, however, should have been introduced as substantive evidence in this case.

law contains a statutory exclusion which precludes a prosecution for rape if the perpetrator is the spouse of the victim. Tenn. Code Ann. § 39-13-507 (1991 Repl.). The trial court disagreed. At trial, a certified copy of the parties' marriage certificate was introduced into evidence, and the jury was instructed on spousal rape as a lesser-included offense of aggravated rape. The jury found the defendant guilty of the charged offenses of aggravated rape.[2]

In the Court of Criminal Appeals, the defendant renewed his assertion that the aggravated rape convictions were invalid due to the statutory spousal exclusion. The State conceded that the defendant was married to the victim and that his convictions for aggravated rape could not stand. The Court of Criminal Appeals agreed, stating that "Tennessee's spousal exclusion statute provides . . . immunity from both rape and aggravated rape prosecution." The intermediate court, however, modified the defendant's convictions to spousal rape. In so holding, the intermediate court acknowledged that spousal rape is not a lesser-included offense of the indicted offense aggravated rape but found the modification appropriate because spousal rape constituted a "lesser grade" offense of aggravated rape under this Court's decision in Trusty. Therefore, the Court of Criminal Appeals held that the indictment charging aggravated rape was sufficient to support a conviction for spousal rape.

In this Court, the State and the defendant agree that the indictment is sufficient under Trusty to support a conviction of spousal rape as a "lesser grade" offense, but the State and Dominy urge this Court to overrule Trusty to the extent that it recognized "lesser grade" offenses. The parties assert that Trusty is unsupported by Tennessee precedent and unworkable in application. We agree

---

[2]The defendant was sentenced to twenty-five years on each count. The sentences were ordered to run consecutively.

and, as stated below, overrule that portion of Trusty which recognized "lesser grade" offenses.

## ANALYSIS

We begin our analysis of the issues in this appeal with a brief historical overview. The three elements of common law rape are carnal knowledge of a woman, forcibly and against her will. State v. Wilkins, 655 S.W.2d 914, 916 (Tenn. 1983). A review of statutes and case law indicates that the common law definition of rape was adopted in Tennessee. Id. Although this Court has never had occasion to rule on the matter, commentators generally accept the proposition that, at common law, a man could not, as a matter of law, be convicted of raping his wife.[3] See Lane v. State, 703 A.2d 180, 185-186 (Md. 1997). This spousal exclusion was first incorporated into Tennessee's statutory law in 1978. See Tenn. Code Ann. § 39-3707 (repealed 1979) ("A person does not commit criminal sexual conduct under §§ 39-3701 – 39-3706 if the victim is that person's legal spouse."). The following year, the General Assembly limited the exclusion by allowing prosecution of a spouse in cases where the marital relationship had deteriorated. See Tenn. Code Ann. § 39-3709 (renumbered § 39-2-610 in 1982 Repl; repealed 1989) ("A person does not commit rape or sexual battery or assault with intent to commit rape or sexual battery under §§ 39-3701 -- 39-3710 if the victim is his or her legal spouse, unless the couple is living apart and one of them has filed for separate maintenance or divorce."). If the couple was living apart and one of them had filed for separate maintenance or divorce, the spouse was prosecuted under the general law.

---

[3]Although a husband could not be guilty of raping his wife, he could be prosecuted if he assisted another in the rape. See David Raybin, Tennessee Criminal Practice and Procedure, § 28.114 (1985).

-4-

With the enactment of the Criminal Sentencing Reform Act in 1989, the General Assembly abolished common law offenses and statutorily specified the conduct necessary to support a criminal prosecution in Tennessee. State v. Hill, 954 S.W.2d 725, 728 (Tenn. 1997). While retaining the spousal exclusion of prior law, the 1989 Act created the separate offenses of spousal rape and spousal sexual battery as exceptions to the exclusion. See Tenn. Code Ann. § 39-13-507 (Supp. 1989). When the present offenses were committed in 1993 and 1994, the statute provided in pertinent part as follows:

> **Limited spousal exclusion.** -- (a) A person does not commit an offense under this part [aggravated rape, rape, aggravated sexual battery, sexual battery, or statutory rape] if the victim is the legal spouse of the perpetrator except as provided in subsections (b) and (c) [defining "spousal sexual battery"].
> (b)(1) "Spousal rape" means the unlawful sexual penetration of one spouse by the other where:
> >  (A)The defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon;
> >  (B) The defendant causes serious bodily injury to the victim; or
> >  (C) The spouses are living apart and one (1) of them has filed for separate maintenance or divorce.
> > (2)(A) "Spousal rape," as defined in subdivision (b)(1)(A) or (B), is a Class C felony.
> > (B) "Spousal rape," as defined in subdivision (b)(1)(C), shall be punished pursuant to § 39-13-502 [aggravated rape] or § 39-13-503 [rape].

Tenn. Code Ann. § 39-13-507(a) & (b) (1991). This statute was amended one year after its enactment to add the above-quoted subdivision (b)(1)(C) and its corresponding punishment provision. See 1990 Tenn. Pub. Acts ch. 980, § 5.[4]

Section 39-13-507 is best described as a hybrid statute. It both maintains the general spousal exclusion from prosecution and creates specific sexual offenses for which _only_ spouses are subject to prosecution.

---

[4]Although not pertinent to this appeal because the offenses occurred in 1993 and 1994, a 1998 amendment created the offense of aggravated spousal rape for conduct "especially cruel, vile and inhumane to the victim during the commission of the offense." See 1998 Tenn. Pub. Acts ch. 1068, § 1.

The defendant in this case was indicted and convicted for aggravated rape. All three counts charged in pertinent part that the defendant "did unlawfully, forcibly, or coercively, while armed with a weapon or an article used or fashioned in a manner to lead Sherry Michelle Dominy reasonably to believe it to be a weapon, sexually penetrate Sherry Michelle Dominy in violation of T.C.A. § 39-13-502."[5] Therefore, the issue in this appeal is whether an indictment for aggravated rape, an offense to which the spousal exclusion applies, can support a conviction for spousal rape.

A defendant has a constitutional right to be given notice of the offenses with which he is charged. Hill, 954 S.W.2d at 727. The means by which this notice will be provided is governed by statute,[6] and by rule.[7] In State v. Howard, 578 S.W.2d 83, 85 (Tenn. 1979), this Court adopted the following test for determining whether an offense is necessarily included in, i.e., a lesser-included offense of, the charged offense: "an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the

---

[5]Tenn. Code Ann. § 39-13-502 provides:

> (a) Aggravated rape is unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:
>   (1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon;
>   (2)The defendant causes bodily injury to the victim;
>   (3) The defendant is aided or abetted by one (1) or more other persons; and
>      (A) Force or coercion is used to accomplish the act; or
>      (B) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless.
> (b) Aggravated rape is a Class A felony.

[6]Tenn. Code Ann. § 40-13-202 (1997) provides in pertinent part: "The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. . . ."

[7]Tennessee Rule Criminal Procedure 31(c) provides: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

indictment, include, but are not congruent with, all the elements of the lesser."
This definition applied a statutory elements approach, whereby a determination of
whether an offense was lesser-included involved a comparison of the statutory
elements of the offense charged in the indictment with the statutory elements of
the offense alleged to lesser-included. Under this test, an offense is lesser-
included if all its elements are contained within the elements of the offense
charged in the indictment.

The idea that "lesser grade" offenses are distinct from lesser-included
offenses was first enunciated in Trusty. Under Trusty, "lesser grade" offenses
were located within the same statutory part as the indicted offense but contained
different or additional elements than the indicted offense. The holding in Trusty
was partially prompted by the fact that some offenses which had traditionally been
considered lesser-included at common law were no longer lesser-included when
the statutory elements test adopted in Howard was applied to criminal offenses as
redefined by the 1989 Criminal Sentencing Reform Act.[8] Of particular concern
was whether voluntary manslaughter is a lesser-included offense of first degree
murder under the Tennessee criminal statutes as amended in 1989.[9] Another
basis for the adoption of the "lesser grade" analysis in Trusty was the language of
Tenn. Code Ann. § 40-18-110(a) which provides: "[i]t is the duty of all judges

---

[8]Prior to the adoption of the 1989 Act, the Code contained a statute which addressed the issue of lesser-included offenses in the context of sexual offenses. See Tenn. Code Ann. 39-3710(c) (Supp. 1982) ("A charge of any offense proscribed herein shall include a charge of all lesser offenses as lesser-included offenses.") This statutory provision eliminated the confusion which now often occurs when trial courts are attempting to determine which offenses are lesser-included.

[9]Trusty failed to recognize that the "passion" language in the definition of voluntary manslaughter simply reflects a less culpable mental state than required for first or second degree murder. See Sentencing Commission Comments to Tenn. Code Ann. § 39-13-211. Therefore, voluntary manslaughter is a lesser-included offense of first and second degree murder. See State v. Burns, ___ S.W.2d __(Tenn. 1999) (filed simultaneously with this opinion) (holding that offense is lesser-included if (a) all its statutory elements are included within the statutory elements of the offense charged; or (*b) if it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing a different mental state indicating a lesser kind of culpability*); see also Tenn. Code Ann. § 39-13-201 (1997) (providing that "[c]riminal homicide is the unlawful killing of another person which may be first degree murder, second degree murder, voluntary manslaughter, criminally negligent homicide, or vehicular homicide").

charging juries in cases of criminal prosecutions for any felony wherein two (2) or more *grades* or *classes* may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment . . . ." (Emphasis added.) Trusty failed to recognize, however, that when § 40-18-110 was enacted in 1877, lesser grade or class was used to mean only lesser-included offense. See Good v. State, 69 Tenn. 293 (Tenn. 1878). Thus, contrary to the conclusion reached in Trusty, "lesser grade or class" and "lesser-included offense" are simply synonymous terms describing a single type of offense which is included in the offense charged in an indictment and which may, therefore, form the basis of a conviction.

Moreover, as explained in detail in State v. Burns, __S.W.2d __ (Tenn. 1999), also released today, the "lesser-grade" analysis adopted in Trusty proved unworkable in application. Under Trusty, trial courts were required to instruct on "lesser grade" offenses. Therefore, the defendant in this case, indicted for aggravated rape, under the rule announced in Trusty would be conclusively presumed to be on constitutional notice that he was being tried for, and could be convicted of, any of the sexual offenses contained in Title 39, Part 5 of the Code, including public indecency or indecent exposure, Tenn. Code Ann. § 39-13-511, prostitution, Tenn. Code Ann. § 39-13-513, rape of a child, Tenn. Code Ann. § 39-13-522, sexual battery by an authority figure, Tenn Code Ann. § 39-13-527, or solicitation of a minor, Tenn. Code Ann. § 39-13-528. There is simply nothing in the statutory scheme that indicates the General Assembly intended such a broad rule.

Therefore, because Trusty's "lesser grade" holding is not supported by Tennessee law and is unworkable in application, we condude that Trusty must now be overruled to the extent that it recognizes "lesser grade" offenses.

Having overruled <u>Trusty</u> we must also reverse the Court of Criminal Appeals judgment which modified the convictions of aggravated rape to spousal rape. The State and the defendant agree that spousal rape is not a lesser-included offense of aggravated rape under the test adopted by this Court in <u>Howard</u>, because spousal rape contains a statutory element not contained in aggravated rape, namely, that the victim is the legal spouse of the defendant. Moreover, spousal rape is not a lesser-included offense of aggravated rape under the test announced today in <u>Burns</u>. Under that test, a lesser-included offense may contain an additional element or elements establishing: (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property, or public interest. <u>Id.</u> at ___. The additional element in spousal rape, that the victim is the legal spouse of the defendant, does not establish either a different mental state indicating a lesser kind of culpability, or a less serious harm or risk of harm to the same person. Having determined that spousal rape is not a lesser-included offense of aggravated rape, it follows that the indictment charging aggravated rape is not sufficient to support a conviction for spousal rape.

Our conclusion that an aggravated rape indictment cannot be the basis for a spousal rape conviction is also supported by this Court's decision in <u>McLean v. State</u>, 527 S.W.2d 76 (Tenn. 1975). In <u>McLean</u>, the petitioner was indicted under the general law and convicted of the sale of a controlled substance. Although raised for the first time on appeal, it was uncontroverted at trial that the petitioner was a licensed, registered pharmacist. This Court concluded that the general law prohibiting the sale, or possession with intent to sell, a controlled substance was not applicable to McLean because there was a statutory exception for pharmacists. <u>Id.</u> at 79. In so holding, this Court emphasized that there were specific code provisions relating to the sale of a controlled substance by a

pharmacist without a prescription, stating:

> It seems clear to us that the petitioner should properly have been indicted and tried for violation of T.C.A. § 52-1431 [now 53-11-308], and sentenced according to T.C.A. § 52-1435 [now 53-11-401]. The statute under which he was indicted and convicted pertains to the public generally, but the code sections last cited deal specifically with pharmacists and other registrants, and prescribe entirely different penalties and sanctions from those pertaining to the general public.

Id. at 80. The McLean Court also rejected the State's argument that the indictment under the general law could support a conviction for the sale of a controlled substance by a pharmacist without a prescription, stating:

> On behalf of the State it is urged that the evidence offered at the trial was sufficient to convict the petitioner of a violation of T.C.A. § 52-1431 [now 53-11-308], that is selling a controlled substance falling within Schedule III without a prescription. It is therefore argued that there has been an error made simply as to the degree of punishment, and we are urged to reverse the case and remand it for a new trial on punishment only. While this might be permissible under some circumstances, we do not believe it appropriate where the petitioner has been indicted and tried under an inapplicable statute. It seems to us that there has been such a material variance between the offense charged and that attempted to be shown in evidence as to void the conviction.

Id. at 81 (emphasis added). Recognizing that "[n]othing is more firmly established in the law than that a defendant cannot be charged with one crime and convicted of another," this Court reversed McLean's conviction. Id. (citation omitted).

As in McLean, the defendant in this case was indicted, tried, and convicted under an inapplicable statute. Pursuant to Tenn. Code Ann. § 39-11-109(a)(1997), "[w]hen the same conduct may be defined under both a specific statute and a general statute, the person may be prosecuted under either statute unless the specific statute precludes prosecution under the general statute." (Emphasis added.) The specific statute in this case, the limited spousal exclusion, Tenn. Code Ann. § 39-13-507, precludes prosecution under the general criminal sexual offense statutes when the victim is the legal spouse of the perpetrator. While the spousal exclusion must be proven by a preponderance of

-10-

the evidence, <u>see</u> Tenn. Code Ann. § 39-11-202(b)(2) (1997), there was abundant proof introduced at trial, including a certified copy of their marriage certificate, to establish that the defendant and the victim were legally married at the time these offenses were committed. In addition, the State conceded in the Court of Criminal Appeals that the spousal exclusion applied. Therefore, given the application of the spousal exclusion, under <u>McLean</u>, although the evidence was sufficient to convict the defendant of spousal rape, the conviction cannot be affirmed because the State failed to specifically indict the defendant for that offense. Furthermore, the similarity of the allegations in the indictment — that the defendant did unlawfully sexually penetrate the victim while "armed with a weapon"— to the definition of spousal rape under Tenn. Code Ann. § 39-13-507(b)(1)(A) cannot serve to charge the defendant with spousal rape in addition to aggravated rape. <u>See</u> <u>State v. Jefferson</u>, 529 S.W.2d 674, 678 (Tenn. 1975) (holding that two distinct offenses cannot generally be charged in the same count of the indictment). Having so concluded, we must reverse the convictions and remand this case to the trial court for further proceedings.


## CONCLUSION

For the reasons herein stated, we overrule <u>Trusty</u> to the extent that it requires jury instructions on "lesser grade" offenses and permits convictions of "lesser grade" offenses. Because the indictment in this case is not sufficient to support a conviction for spousal rape, we reverse the judgment of the Court of Criminal Appeals, vacate the defendant's convictions, dismiss the indictments, and remand this case to the trial court for further proceedings consistent with this decision.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**
Anderson, C.J.,
Birch, Holder, Barker, JJ.