IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FILED

**March 20, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | No. M2000-00304-CCA-RM-CD |
| | ) | |
| Appellee, | ) | DAVIDSON COUNTY |
| | ) | |
| VS. | ) | **HON. THOMAS H. SHRIVER**, **JUDGE** |
| | ) | |
| | ) | |
| **ROBBIE JAMES**, | ) | |
| | ) | (Child Rape) |
| Appellant. | ) | |

**UPON REMAND FROM THE SUPREME COURT OF TENNESSEE**

FOR THE APPELLANT:          FOR THE APPELLEE:

**EDWARD J. GROSS**              **PAUL G. SUMMERS**
Parkway Towers, Ste. 1601      Attorney General and Reporter
Nashville, TN 37219

                                   **ELLEN H. POLLACK**
                                   Assistant Attorney General
                                   450 James Robertson Parkway
                                   Nashville, TN 37243-0493

                                   **VICTOR S. JOHNSON, III**
                                   District Attorney General

                                   **WILLIAM R. REED**
                                   Assistant District Attorney General
                                   Washington Sq., Ste. 500
                                   222-2nd Avenue, N.
                                   Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**

**JUDGE**

**O P I N I O N**

This case is before this Court upon remand from the Supreme Court of Tennessee. The defendant was convicted of child rape and sentenced to fifteen years in the Department of Correction. Originally, we concluded the trial court committed reversible error by failing to charge aggravated child abuse as a lesser offense of child rape. The order of the Supreme Court remands to this Court for reconsideration in light of State v. Dominy, 6 S.W.3d 472 (Tenn. 1999). We now conclude the trial court did not commit reversible error and **AFFIRM** the judgment of the trial court.

**FACTS**

Defendant and her husband were unable to have children and sought adoption. A two and three-year-old brother and sister were placed in their home in December 1991, in contemplation of adoption. On October 22, 1992, a worker at the children's day care facility found blood on cleansing tissue used by the three-year-old female. Upon further examination blood was discovered on the child's inner thighs. These findings were reported to the Department of Human Services which in turn contacted the Metropolitan Police Department. An investigation was begun.

When questioned as to how the child could have been injured, the defendant did not give definitive answers to either the day care worker or the interviewing detective. Defendant stated that the child had fallen a month earlier and had blood on her panties. She later conceded to the detective that she may have penetrated the child's vagina with her finger while disciplining her on that morning.

The child was evaluated at Our Kids Center which evaluates children suspected of being sexually abused. The examination revealed that the three-year-

2

old female had an "acute hymenal vaginal tear" with bruising and bleeding. The injury was caused by some type of penetration and would have been "painful" to the child at the time of its occurrence.

For reasons not apparent in the record, the defendant was not indicted until August 1994. In April 1995, defendant was evaluated by a clinical psychologist. The psychological records contained defendant's explanation as to the occurrence. Defendant stated that she was trying to dress the child on this particular morning, and the child was crying and uncooperative. The defendant explained that, without thinking, she tried to quieten the child by thrusting her middle finger into the child's vagina. Defendant's family history indicated she did not have a healthy model for parenting and disciplining.

At trial the defendant testified that on the morning in question the child continued to cry while the defendant was attempting to dress her. After the defendant spanked the child, the defendant was, in her own words, "totally out of control" when she "stuck [her] finger in [the child's] vagina." The defendant stated that she "was under a lot of stress, and I just lost it." Defendant related that she "couldn't think," and her actions were not intentional. She stressed that she was not attempting to harm the child in any way, and there was absolutely no sexual motive in her actions.

**JURY CHARGE**

The jury was charged as to the indicted offense of child rape and the lesser offense of misdemeanor child abuse. During deliberations the jury asked the trial court if it could reach a verdict of guilty on one of the charges and recommend consideration of mitigating circumstances for the sentence. The trial court advised

3

the jury that sentencing was not their function.  The jury subsequently returned its verdict of guilty of child rape.

## THIS COURT'S ORIGINAL OPINION

In our original opinion, this Court rejected defendant's contentions that (1) the evidence was insufficient to support her conviction; (2) her sentence constituted cruel and unusual punishment; (3) there was an abuse of prosecutorial discretion; and (4) she was denied the right to a speedy trial.  However, we found plain error in the trial court's failure to charge aggravated child abuse as a lesser offense.  Thus, we remanded for a new trial.

## DOMINY

The order of remand asks us to reconsider our opinion in light of State v. Dominy, 6 S.W.3d 472 (Tenn. 1999).  Dominy overruled State v. Trusty, 919 S.W.2d 305 (Tenn. 1996), to the extent that it recognized "lesser grade" offenses as distinct from lesser included offenses and permitted convictions of "lesser grade" offenses that were not lesser included offenses embraced by the indictment.  6 S.W.3d at 473-74.  This Court relied upon Trusty in finding aggravated child abuse to be a lesser offense of child rape.  Since Trusty was subsequently overruled by Dominy, we must re-examine the issue of lesser offenses.

Dominy incorporates the test set forth in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999), in determining lesser included offenses.  6 S.W.3d at 477.  We must, therefore, determine under Burns whether the trial court erred in failing to charge any lesser included offenses other than misdemeanor child abuse.

## BURNS

4

Pursuant to <u>Burns</u>, an offense is a lesser included offense if:

    (a)     all of its statutory elements are included within the statutory elements of the offense charged; or

    (b)     it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

        (1) a different mental state indicating a lesser kind of culpability; and/or

        (2) a less serious harm or risk of harm to the same person, property or public interest; or

    (c)     it consists of

        (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

        (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

        (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

<u>Burns</u>, 6 S.W.3d at 466-67.

Based upon the above test, we conclude that aggravated child abuse does not meet either part (a), part (b) or part (c) of the <u>Burns</u> test as it relates to child rape. However, we note that <u>Burns</u> also recognizes that some offenses are expressly designated lesser included offenses by statute. *Id.* at 467, n. 12. In fact, <u>Burns</u> specifically mentions the statutory provision of Tenn. Code Ann. § 39-15-401(d) which provides that misdemeanor child abuse is a lesser included offense of any kind of homicide, statutory assault, or sexual offense if the victim is a child and the evidence supports the charge. *Id.* Thus, according to <u>Burns</u>, misdemeanor child abuse is a lesser included offense of child rape.

The aggravated child abuse statute, Tenn. Code Ann. § 39-15-402, does not contain a comparable provision making it a lesser included offense of any kind of

homicide, statutory assault or sexual offense involving a child. Since aggravated child abuse is not expressly designated by statute as a lesser included offense and does not meet part (a), part (b) or part (c) of the Burns test, we conclude aggravated child abuse is not a lesser included offense of child rape.

## AGGRAVATED SEXUAL BATTERY

We must now determine, pursuant to Burns, whether the trial court should have charged any other lesser included offenses. Child rape requires "unlawful sexual penetration" of a child less than thirteen years of age. Tenn. Code Ann. § 39-13-522(a). Aggravated sexual battery requires "unlawful sexual contact" with a child less than thirteen years of age. Tenn. Code Ann. § 39-13-504(a)(4). Thus, aggravated sexual battery establishes a less serious harm or risk of harm to the victim under part (b) of the Burns test and is a lesser included offense of child rape.[1]

We must now determine whether the trial court erred in failing to charge aggravated sexual battery. Burns establishes a two-part analysis. Firstly, evidence must exist that reasonable minds could accept as to the lesser included offense. Burns, 6 S.W.3d at 469. Evidence must be viewed liberally in the light most favorable to the existence of the lesser included offense. *Id.* Secondly, the evidence must be legally sufficient to support a conviction for the lesser included offense. *Id.* We conclude the trial court did not err in failing to charge aggravated sexual battery.

Child rape has two essential elements: (1) unlawful sexual penetration; and (2) a victim less than thirteen (13) years of age. Tenn. Code Ann. § 39-13-522(a).

_____

[1]It may also be that aggravated sexual battery meets part (a) of Burns as noted in the concurring opinion. Resolution of this issue is unnecessary for the disposition of this appeal.

6

It is undisputed the child was less than thirteen (13) years of age. It is further undisputed, even according to the defendant's own testimony, that the defendant digitally penetrated the child's vagina. Under these circumstances when all elements of the greater offense are undisputed, the trial court did not err in failing to charge aggravated sexual battery as a lesser included offense.

## CONCLUSION

We are constrained to note that we find this result harsh under the unique facts and circumstances of this case. Although the jury found the defendant guilty of child rape, the jury was obviously concerned about punishment and desired to recommend leniency in sentencing. Possible punishment was not charged to the jury since counsel failed to make such a request prior to jury selection.[2] An entire sentence for child rape must be served undiminished by any sentence reduction credits. Tenn. Code Ann. § 39-13-523(b). This was not required of aggravated sexual battery at the time of this offense.[3] When the jury during its deliberations asked the trial court about sentencing, they were told not to consider sentencing for fear that their verdict might be set aside by an appellate court. Although the jury was given misdemeanor child abuse as a lesser offense, there was a huge gulf between the only charged offenses of Class A felony child rape and misdemeanor child abuse. This scenario is uncomfortably close to an "all or nothing" decision that was condemned by Burns. 6 S.W.3d at 466.

Even though the jury had limited options, we are unable to conclude the trial

---

[2]The statute in effect at the time of trial authorized jury instructions on possible punishment for the charged offenses if requested prior to jury selection. *See* Tenn. Code Ann. § 40-35-201(b)(1997). Such comments are forbidden in all trials occurring after May 18, 1998. *See* 1998 Public Acts, Chapter 1041, §§ 2, 3; Tenn. Code Ann. § 40-35-201(b) (Supp. 1999).

[3]The one hundred percent (100%) statute for aggravated sexual battery did not apply to an offense committed prior to July 1, 1995. *See* Tenn. Code Ann. § 40-35-501(i)(1),(2)(H).

7

court erred in failing to charge aggravated sexual battery since all elements of the greater offense were undisputed.  In summary, we do not read <u>Burns</u> as requiring instructions on lesser included offenses when the evidence undisputedly shows guilt of a higher offense.

We, therefore, **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JAMES CURWOOD WITT, JR. JUDGE**

_____
**JOE H. WALKER III, SPECIAL JUDGE**

8