IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 19, 2000 Session

## STATE OF TENNESSEE v. JAMES ERIC ALDER

**Appeal as of Right from the Criminal Court for Sequatchie County**
**No. 3741     Thomas W. Graham, Judge**

---

**No. M1999-02544-CCA-R3-CD - Filed October 27, 2000**

---

The appellant, James Eric Alder, was convicted by a jury in the Criminal Court for Sequatchie County of one count of aggravated robbery, a class B felony. The trial court sentenced the appellant, as a Range I offender, to ten years incarceration in the Tennessee Department of Correction and assessed a fine of $25,000. The appellant raises the following issue(s) for review: whether the trial court erred in refusing to charge the jury as to aggravated assault, assault, and theft as lesser-included offenses of aggravated robbery. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

B. Jeffery Harmon, Jasper, Tennessee, for the appellant, James Eric Alder.

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, James W. Pope, III, Assistant District Attorney General, and Stephen Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On December 22, 1997, the appellant, James Eric Alder, knocked on Cecil Rogers' door, claiming that he needed to call for help because his car had broken down. Rogers allowed the appellant to enter his home in order to use the telephone. The appellant told Rogers that there was no answer when he called and that he would try again in a few minutes. Rogers and the appellant talked about football for a while before the appellant again attempted to make a telephone call. After using the telephone again, the appellant approached Rogers from behind and knocked the elderly gentleman out of his chair and onto the floor. The appellant stood over Rogers, wielding a knife, and demanded Rogers' wallet. The appellant took his wallet and threatened to kill Rogers if he moved.

The appellant used duct tape to bind Rogers hands and yanked the telephone receiver from the wall. As he was leaving, the appellant grabbed Rogers' pistol from the chair in which Rogers had been sitting and pointed the gun at Rogers. Once again, the appellant warned Rogers that he would kill Rogers if he moved. The appellant then left with Rogers' wallet and gun.

Rogers testified that the appellant wore a light jacket, light-colored jeans, white tennis shoes, and a maroon baseball cap with a white "A" on the front. Rogers emphatically asserted that he could identify the appellant as the individual who robbed him, particularly because the appellant had been in Rogers' home for at least thirty minutes. Additionally, Rogers admitted that he was frightened by the robbery.

After being instructed on aggravated robbery and simple robbery, a jury in the Criminal Court for Sequatchie County convicted the appellant of one count of aggravated robbery. The trial court sentenced the appellant, as a Range I offender, to ten years incarceration in the Tennessee Department of Correction. The appellant appeals his conviction, alleging that the trial court erred in refusing to charge the jury as to aggravated assault, assault, and theft as lesser-included offenses of aggravated robbery.

## II. Analysis

In analyzing the appellant's claim, we must begin by determining whether aggravated assault, assault, and theft are lesser-included offenses of aggravated robbery. The Tennessee Supreme Court overruled State v. Trusty, 919 S.W.2d 305 (Tenn. 1996), in the case of State v. Dominy, 6 S.W.3d 472, 476-77 (Tenn. 1999), to the extent that Trusty recognized and allowed convictions for "lesser grade" offenses which were not lesser-included offenses under the statute for which the appellant was indicted.[1] The supreme court replaced the Trusty analysis with a different test in State v. Burns, 6 S.W.3d 453, 467 (Tenn. 1999). Accordingly, we must apply the definition for lesser-included offenses as was set out in Burns:

> An offense is a lesser-included offense if:
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>       (1) a different mental state indicating a lesser kind of culpability; and/or
>       (2) a less serious harm or risk of harm to the same person, property or public interest; or
> (c) it consists of
>       (1) facilitation of the offense charged or of an offense that otherwise meets the definition of a lesser-included offense in part (a) or (b); or

---

[1] In Dominy, the supreme court stated that "contrary to the conclusion reached in Trusty, 'lesser grade or class' and 'lesser-included offense' are simply synonymous terms describing a single type of offense which is included in the offense charged in an indictment and which, therefore, form the basis of a conviction." 6 S.W.3d at 477.

> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Id. at 466; see also State v. Carter, No. M1999-00798-CCA-R3-CD, 2000 WL 515930, at *8, (Tenn. Crim. App. at Nashville, April 27, 2000).

To prove aggravated robbery, the State must establish that the appellant committed a robbery with a deadly weapon. Tenn. Code Ann. § 39-13-402(a)(1)(1997). Furthermore, "robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a)(1997). Accordingly, by applying part (a) of the Burns test, theft is obviously a lesser-included offense of both robbery and aggravated robbery.

A person commits assault when he "intentionally or knowingly causes another to reasonably fear imminent bodily injury." Tenn. Code Ann. § 39-13-101(a)(2)(1997). Additionally, a person commits aggravated assault by intentionally or knowingly committing an assault by using or displaying a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1)(B)(1997). As this court has previously found,

> the offense of aggravated robbery requires proof of a theft of property, whereas aggravated assault does not. However, the offense of aggravated assault by causing another to reasonably fear imminent bodily injury by the use of a deadly weapon does not require proof of any additional element distinct from the elements of aggravated robbery accomplished with a deadly weapon.

State v. Gray, No. 02C01-9707-CC-00270, 1998 WL 211791, at *2-3 (Tenn. Crim. App. at Jackson, May 1, 1998). Therefore, applying part (a) of the Burns test, both assault and aggravated assault are lesser-included offenses of aggravated robbery.

After establishing that aggravated assault, assault, and theft are lesser-included offenses of aggravated robbery, we must conduct a two-part inquiry to determine whether the jury should have been instructed on those offenses. Burns, 6 S.W.3d at 469. As our supreme court stated:

> First, [we] must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, [we] must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, [we] must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Id.

Rogers, the victim, testified at trial that the appellant knocked him to the floor, threatened him with a knife, and demanded his wallet. Furthermore, Rogers asserted that the appellant took Rogers' gun from the chair in which Rogers had been sitting, pointed the gun at Rogers, and again threatened to kill Rogers if he moved. Additionally, Rogers testified that the incident frightened him. In contrast, the appellant denied that he was the person who committed the

offense. In support of the appellant's defense, the appellant's sister and brother-in-law testified that the appellant had been at their home all day and could not have left in order to commit the crime. Accordingly, the only two possibilities are that the incident occurred as Rogers testified, or it did not occur at all. See Carter, 2000 WL 515930, at *9.[2] Because the appellant either committed aggravated robbery or he committed no crime, we conclude that the trial judge did not err in refusing to instruct the jury on aggravated assault, assault, or theft. See Carter, 2000 WL 515930, at *9.

The appellant also argues that, because no evidence was adduced at trial to suggest that he took Rogers wallet directly from Rogers, the jury could have found that the appellant assaulted the victim incidental to the theft of the wallet and pistol. We disagree. Although the record is unclear as to the exact location of the wallet, Rogers testified that, as Rogers was lying on the floor, the appellant demanded the wallet and "[the appellant] got that wallet and stood up."

Moreover, as this court has found, a person can be guilty of aggravated robbery whether the victim is in actual or constructive possession of the item stolen. State v. Griffin, No. E1999-00122-CCA-R3-CD, 2000 WL 1221873, at *2 (Tenn. Crim. App. at Knoxville, August 29, 2000)(finding that the defendant was guilty of robbery regardless of whether he took the victim's wallet from the victim's hand or from the counter in front of the victim).

The trial court instructed the jury on both aggravated robbery and the lesser-included offense of simple robbery. The jury found that the facts supported a conviction of aggravated robbery. Therefore, even if the trial court erred by failing to instruct the jury on lesser-included offenses, this error is harmless. State v. Williams, 977 S.W.2d 101, 106-107 (Tenn. 1988)(finding that where jury was charged on first-degree murder and second-degree murder and nonetheless found the defendant guilty of first-degree murder, the trial court's failure to instruct the jury on voluntary manslaughter was harmless error).

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

---

[2] See also Bolin v. State, 405 S.W.2d 768, 773 (Tenn. 1966)(stating where the only dispute was whether the defendant committed the crime, the trial court did not err in failing to instruct the jury on lesser-included offenses); Patterson v. State, 400 S.W.2d 743, 747 (Tenn. 1966)(finding that where defendant claims an alibi defense and does not dispute the circumstances of the crime, the trial court correctly found that the evidence did not support charging the jury on lesser-included offenses); State v. Smith, 751 S.W.2d 468, 471 (Tenn. Crim. App. 1988)(asserting that "[a] trial judge is not required to charge lesser-included offenses when the proof shows that the defendant committed the greater offense or no offense at all.").