# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 18, 2001

## STATE OF TENNESSEE v. ROBERT EARL SYLER

### Appeal from the Criminal Court for Sumner County
### No. 1013-1998     Jane Wheatcraft, Judge

---

### No. M2000-00735-CCA-R3-CD - Filed February 16, 2001

---

The Defendant was charged with rape and convicted of that offense after a jury trial.  In this appeal as of right, the Defendant contends that the trial court committed reversible error in refusing to instruct the jury on the offense of statutory rape.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

David A. Doyle, Gallatin, Tennessee, for the appellant, Robert Earl Syler.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Robert Earl Syler, was charged with one count of rape and convicted of that offense by a jury.  He was subsequently sentenced as a Range I offender to ten years incarceration.  In this direct appeal, the Defendant contends that the trial court committed reversible error by refusing to instruct the jury on the offense of statutory rape.  Upon our review of the record and relevant legal authority, we affirm the judgment of the trial court.

On June 28, 1998, C.S.,[1] then fourteen years old, spent the night with her friend, Sandra Eden.  Ms. Eden's husband and baby were also in the house, as well as the Defendant, Ms. Eden's half-brother.  C.S. went to bed on a pallet in the baby's room.  The Defendant planned to sleep on the couch in the living room.

---

[1]It is the policy of this Court to identify minor victims of sex crimes by their initials.

C.S. testified that, after she went to bed, the Defendant entered the baby's room and put his hand over her mouth. He pulled down her shorts and panties. When she tried to pull her clothes back up, the Defendant hit her in the stomach. The Defendant then had sexual intercourse with C.S., keeping his hand over her mouth. C.S. testified that the Defendant did not touch her elsewhere.

The Defendant, who was thirty-six years old at the time of the incident, testified that C.S. came into the living room after Mr. and Ms. Eden had gone to bed. C.S. scratched his back and then touched his leg. The Defendant responded by touching C.S.'s breast. The two then walked into the baby's room holding hands. They laid down together and had consensual sex.

At trial, the Defendant requested the court to instruct the jury on statutory rape: a crime with which the Defendant was not charged. The trial court refused to give the requested instruction. The Defendant now argues that he is entitled to a new trial on the basis of this alleged error.

The Defendant argues that statutory rape is a lesser included offense of rape and that the trial court was therefore obligated to instruct the jury thereon. According to our supreme court, however, the Defendant is mistaken. In State v. Stokes, 24 S.W.3d. 303, 305-06 (Tenn. 2000), our supreme court specifically held that "statutory rape is not a lesser included offense of rape." The Defendant contends in his brief that "there is a good faith argument for a modification of the Supreme Court's decision in Stokes." That may be the case; however, this Court is in no position to modify a superior court's decisions. See State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995) ("'[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process.'") (citation omitted), see also Thompson v. State, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997) (holding that the Court of Criminal Appeals "is bound by the decisions of [the Tennessee] supreme court.")

We are also unpersuaded by the Defendant's argument that he was entitled to the instruction under State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996), because he was tried before our supreme court overruled that decision in State v. Dominy, 6 S.W.3d 472, 477 (Tenn. 1999). Our supreme court has specifically noted that "an instruction on statutory rape would have also been improper under the 'lesser grade or class' analysis set forth in . . . State v. Trusty." Stokes, 24 S.W.3d at 306 fn.3. Under either Trusty or Stokes, then, the Defendant's argument has no merit.

The trial court did not err when it refused to give the jury an instruction on an offense with which the Defendant was not charged, and which was not a lesser included offense of the crime with which he was charged. Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE