# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 30, 2001 at Knoxville

## STATE OF TENNESSEE v. ALFONZO E. ANDERSON

### Appeal from the Criminal Court for Shelby County
### No. P24737      Chris Craft, Judge

---

### No. W2000-00737-CCA-R3-CO - Filed January 9, 2002

---

Alfonzo E. Anderson appeals the Shelby County Criminal Court's denial of his petition for the writ of *habeas corpus*. He claims that the indictment charging him with first degree felony murder is insufficient to allege the offense because it does not allege a factual basis for the underlying felony, attempted aggravated robbery. Because we agree with the lower court that the indictment sufficiently alleges the crime of first degree felony murder, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Alfonzo Anderson, Pro Se.

Paul G. Summers, Attorney General & Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Anderson was convicted of first degree felony murder[1] for the May 19, 1992 killing of Sam Ward and was sentenced to imprisonment for life. In this petition for the writ of *habeas corpus*, he claims that his conviction is void because the indictment is insufficient in that it fails to allege the facts and circumstances of the underlying felony.

The state calls upon us to affirm the lower court's dismissal of this action based upon the petitioner's failure to file it in the county in which he is incarcerated, rather than the one in which he was convicted. Code section 29-21-105 requires as much absent an allegation in the petition of

---

[1]The record indicates that there are other convictions, as well. However, no challenge to them is raised in this action.

a "sufficient reason" for filing outside the county of incarceration.  Tenn. Code Ann. § 29-21-105 (2000).  The petitioner claims his reason for filing in Shelby County, rather than Lake County, is that the relevant records and files are in possession of the Shelby County Criminal Court.  Repeatedly, we have held that this is not a sufficient basis for filing outside the county of  incarceration.  *See, e.g., Paul Barnett*, No. E1999-01583-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, June 20, 2000); *Earl Raines v. State*, No. E1999-01340-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Knoxville, May 9, 2000), *perm. app. denied* (Tenn. 2000); *Jimmy Wayne Wilson v. State*, No. 03C01-9806-CR-00206, slip op. at 4-5 (Tenn. Crim. App., Knoxville, June 24, 1999), *perm. app. denied* (Tenn. 1999).  *But cf. Paul Barnett*, concurring slip op. at 1-2 (advocating case-by-case determination of justification based upon witness and document location for filing *habeas corpus* petition outside county of incarceration).  The petitioner has presented no argument which has persuaded us to depart from our prior course.  Thus, the lower court's dismissal was proper for this reason alone.

Likewise, the petitioner is not entitled to relief on the merits of his allegation.

In that regard, it is well-settled that a lawful accusation is a condition precedent to jurisdiction, and a judgment obtained in the absence of an indictment alleging each essential element of the offense is a nullity.  *See State v. Trusty*, 919 S.W.2d 305, 309-10 (Tenn. 1996) (citations omitted), *overruled on other grounds by State v. Dominy*, 6 S.W.3d 472, 473-74 (Tenn. 1999).  A defendant is entitled to knowledge of "the nature and cause of the accusation."  U.S. Const. amend. VI; Tenn. Const. art. I, § 9.  Tennessee law further requires that an indictment

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. . . .

Tenn. Code Ann. § 40-13-202 (1997) (emphasis added).  An indictment has three purposes.  It must "provide sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy."  *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997).

In fulfilling its obligations, an indictment must state the facts and circumstances constituting a crime, rather than merely alleging a legal conclusion.  *State v. Clark*, 2 S.W.3d 233, 236 (Tenn. Crim. App. 1998).  The factual allegations must pertain to the essential elements of the crime.  *Id.*

At the time of Anderson's offense, first degree felony murder was defined as "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy."  Tenn. Code Ann. § 39-13-202(a)(2) (1992) (statute amended 1993, 1994, 1995, 1998).  The indictment which forms the basis for Anderson's conviction alleges that he "did unlawfully and recklessly kill Sam Ward during the perpetration of attempt [sic] aggravated robbery . . . ."

This court has, on prior occasions, said that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary. *State v. Jimmy Wayne Baker,* No. W1998-00531-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Jackson, Mar. 14, 2001), *perm. app. denied* (Tenn. 2001); *Alan D. Lawhorne v. State*, No. 273 (Tenn. Crim. App., Knoxville, May 31, 1990), *perm. app. denied* (Tenn. 1990). Although the petitioner claims that *State v. Clark*, 2 S.W.3d 233 (Tenn. Crim. App. 1998) requires that the indictment allege the facts and circumstances of the crime of attempted aggravated robbery, that case involved an indictment charging attempted aggravated robbery, not attempted aggravated robbery as the underlying felony of a felony murder indictment. For that reason, *Clark* is distinguishable. We see no reason to depart from the logic employed in *Jimmy Wayne Baker* and *Alan D. Lawhorne*.

Accordingly, the lower court's dismissal of the petition for the writ of *habeas corpus* is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE