IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 20, 2016 Session

## STATE OF TENNESSEE v. BRANDON SCOTT DONALDSON

**Appeal from the Criminal Court for Knox County**
**No. 101256   Steven Wayne Sword, Judge**

_____

**No. E2016-00262-CCA-R3-CD**

_____

THOMAS T. WOODALL, P.J., concurring in part, concurring in results only in part.

I concur in all parts of the lead opinion, except section _II.B._, _"State of Passion" and Sequential Jury Instructions_.  As to that particular section, I concur in the result that Defendant is not entitled to relief on his challenge to the use of acquittal-first instructions pursuant to _State v. Davis_, 266 S.W.3d 896 (Tenn. 2008) and that he is not entitled to relief on the issue challenging the jury instruction that passion and provocation are elements of voluntary manslaughter.

I will explain why I am unable to join in the lead opinion's discussion and analysis in section _II.B._   The General Assembly has specifically stated that "voluntary manslaughter is a lesser included offense of premeditated first degree murder and second degree murder."  T.C.A. § 40-18-110(g)(2).  As to voluntary manslaughter being a lesser included offense of premeditated first degree murder and second degree murder, the statute does away with any need to refer to _State v. Burns_, 6 S.W.3d 453, 466-67 (Tenn. 1999) in this case.  The judgments show that Defendant was convicted of second degree murder in the specific counts that charge premeditated first degree murder.

T.C.A. § 39-13-211(a) states that "[v]oluntary manslaughter is the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner."  The lead opinion concludes that according to the "more precise" interpretation of _State v. Dominy_, 6 S.W.3d 472 (Tenn. 1999), "the passion and provocation components of voluntary manslaughter are _defensive_ considerations and not essential elements" of voluntary manslaughter.  (emphasis added).  The lead opinion asserts that this treatment of voluntary manslaughter is supported by T.C.A. § 39-11-203(e)(1) which states that "[a] ground of defense, other than one negating an element of the offense or an affirmative defense, that is not plainly labeled in accordance with this part has the procedural and evidentiary  consequences of a _defense_."  (emphasis added).  I am unable to so broadly

interpret this statute as does the lead opinion. *State v. Paul Clifford Moore, Jr.*, No. E2015-00585-CCA-R3-CD, 2016 WL 2865759 at \*8-11 (Tenn. Crim. App. May 12, 2016) *perm. app. denied* (Tenn. Sept. 22, 2016). Elsewhere in the lead opinion it is stated that "passion and provocation by their very nature express neither elements . . . *nor an absolute defense*; instead, they are a type of built-in mitigation to a knowing or intentional killing." (emphasis added). I am not aware of any statute that allows a court to interpret words within the definition of a crime to be "a type of built-in mitigation." Accordingly, I am unable to join in with the lengthy discussion and analysis contained in section *II.B.* of the lead opinion. *See State v. Khaliq Ra-El*, No. W2013-01130-CCA-R3-CD, 2014 WL 3511038 (Tenn. Crim. App. July 11, 2014), *perm. app. denied* (Tenn. Nov. 20, 2014) (majority opinion by Judge Woodall, joined by Judge Wedemeyer, separate opinion concurring in results only by Judge Witt); *Paul Clifford Moore, Jr.*, 2016 WL 2865759 at \*13-14 (a unanimous opinion authored by Judge McMullen and joined by Judge Ogle and Judge Wedemeyer).

Also, in *State v. Williams*, 38 S.W.3d 532 (Tenn. 2001), the Tennessee Supreme Court held,

> Comparing the revised second degree murder and voluntary manslaughter statutes, **the essential element** that now distinguishes these two offenses (which are both "knowing" killings) is whether the killing was committed "in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." [Tenn. Code Ann. § 39-13-211(a)]

*Id*. at 538. (emphasis added).

Until our supreme court overrules this holding in *Williams*, or otherwise explains that this language in *Williams* has been erroneously interpreted on numerous occasions since 2001, I am compelled to follow what appears to me to be a clear directive. Accordingly, I concur with all portions of the lead opinion except section *II.B*. With that section I only concur with the result that Defendant is not entitled to relief on the issues raised pertaining to the jury instructions. However, I most respectfully urge our supreme court to again address the issue as to whether "passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner" are elements of the crime of voluntary manslaughter.

I am authorized to state that Judge Ogle joins me in this separate opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE