# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1998



**FILED**

**February 11, 1999**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9712-CR-00483** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. W. FRED AXLEY** |
| **CARLOS HAYES &** | ) | **JUDGE** |
| **REGINALD HAYES,** | ) | |
| | ) | |
| Appellants. | ) | (Aggravated Robbery; Theft; |
| | ) | Facilitation) |

### ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

A.C. WHARTON
Public Defender

WALKER GWINN
Assistant Public Defender
201 Poplar Avenue
Memphis, TN 38103

WILLIAM W. NOWLIN
Court Appointed for R. Hayes
Suite 3201, 100 N. Main Bldg.
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM GIBBONS
District Attorney General

JOHNNY McFARLAND
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED IN PART; REVERSED IN PART

DAVID H. WELLES, JUDGE

# OPINION

The Defendants, Carlos and Reginald Hayes, appeal their convictions pursuant to Tennessee Rule of Appellate Procedure 3(b). Following a joint trial, a jury convicted Carlos Hayes of aggravated robbery by use of a deadly weapon in violation of Tennessee Code Annotated § 39-13-402, and theft of property valued at $10,000 or more but less than $60,000 in violation of § 39-14-103. The jury convicted Reginald Hayes, brother of Carlos, of facilitation of robbery and facilitation of theft of property valued at $10,000 or more but less than $60,000, both in violation of § 39-11-403.

According to the State's proof at trial, Carlos and Reginald Hayes drove to the Midway Ford car dealership in Shelby County. Carlos requested to test drive a new vehicle on the sales lot; and during the drive, Carlos displayed a gun to the salesperson, causing him to abandon the car. Police officers recovered the vehicle approximately one hour later in the parking lot of a local middle school.

Both Defendants contest the sufficiency of the evidence, Carlos Hayes additionally contends that his convictions violate principles of double jeopardy, and Reginald Hayes argues that his conviction for facilitation of robbery is inconsistent with the jury's verdict of aggravated robbery for his brother. We find that the judgments of conviction for theft and facilitation of theft violate prohibitions against double jeopardy, and we therefore reverse these convictions. We affirm the convictions for aggravated robbery and facilitation of robbery.

Midway Ford salesperson Debbie Mabry testified that she received a telephone call from a man who identified himself as Carlos Hayes. Hayes asked if the dealership currently had a black convertible Mustang GT, and Mabry responded that it did. Some time later the same afternoon, Mabry's co-worker Shane Johnson approached her desk and told her that Carlos Hayes wanted to see her. Because Mabry was busy with paperwork, she asked Johnson to accompany Carlos on the test drive. However, prior to the test drive, Mabry walked outside and talked to both Carlos and Reginald, who identified themselves during the conversation. She identified both Defendants at trial, and she recalled that they had driven to Midway Ford in a 1996 green Toyota 4Runner. The State entered into evidence photographs of the Toyota taken from the dealership's surveillance camera.

Salesperson Shane Johnson testified next for the State. According to Johnson, he walked with Carlos to the sales lot, where they discussed several Mustangs. Carlos decided to test-drive the black convertible GT about which he had inquired over the telephone. Johnson realized that the car needed gas and obtained a gas voucher from the dealership office. He drove Carlos to the gas station; and as he attempted to exit the vehicle, Carlos pulled up his shirt on one side, displaying a gun. Carlos told Johnson that he had "better keep on going"; and Johnson quickly fled as Carlos drove away in the Mustang, valued at $27,000. At trial, Shane Johnson identified Carlos Hayes as the man who took the test drive, displayed a gun, and drove away in the Mustang.

Johnson called Midway Ford from the BP gas station where he and Carlos had stopped. He spoke to Myron Kliss, general manager of the dealership, who

-3-

notified 911. Kliss then approached the green Toyota 4Runner, where Reginald Hayes still waited. Kliss had observed the 4Runner earlier, and he knew that one of its occupants had gone on the test drive with Shane Johnson. When Kliss was approximately eight steps away from the Toyota, its driver "drove off quickly" in the direction toward where officers later found the black Mustang.

Police officers later found the stolen vehicle without gas, six miles away from the dealership and with six additional miles on the odometer, in the parking lot of the Collierville Middle School. Crime-scene investigators located the fingerprints of both Carlos and Reginald Hayes on the vehicle.

## I. DOUBLE JEOPARDY

Initially, we examine whether double jeopardy bars Defendants' convictions for theft and facilitation of theft, where they were also convicted of aggravated robbery and facilitation of robbery, respectively. We conclude that the trial judge should have merged the former convictions into the latter, and we must therefore reverse Carlos Hayes's conviction for theft and Reginald Hayes's conviction for facilitation of theft.[1]

In State v. Denton, 938 S.W.2d 373 (Tenn. 1996), our supreme court examined double jeopardy principles in this state and clarified how Article I, section 10 of the Tennessee Constitution provides greater protection for the criminal defendant against double jeopardy than does the federal constitution. That clarification emerged as a four-part test:

---

[1] Although Reginald Hayes does not appeal his conviction based upon a violation of double jeopardy, we review the issue as plain error. See Tenn. R. Crim. Proc. 52(b).

> [R]esolution of a double jeopardy punishment issue under the Tennessee Constitution requires the following: (1) a Blockburger analysis of the statutory offenses; (2) an analysis, guided by the principles of Duchac, of the evidence used to prove the offenses; (3) a consideration of whether there were multiple victims or discrete acts; and (4) a comparison of the purposes of the respective statutes. None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other.

Id. at 381 (discussing Blockburger v. United States, 284 U.S. 299 (1932), and Duchac v. State, 505 S.W.2d 237 (Tenn. 1973)); see State v. Winningham, 958 S.W.2d 740, 743 (Tenn. 1997); State v. Hall, 947 S.W.2d 181, 183 (Tenn. Crim. App. 1997).

The subject offenses must first survive the federal Blockburger test in order to satisfy the requirements of the federal Double Jeopardy Clause. Winningham, 958 S.W.2d at 743 (citing United States v. Dixon, 509 U.S. 688, 696 (1993)). Although the Denton court stated that "[n]one of these steps [of its four-part test] is determinative," the first factor is determinative if the Blockburger test is not met. In other words, if the offenses are the "same" under Blockburger, the federal constitutional double jeopardy protections have been violated and the inquiry may end. In this case, we need not proceed further than the first prong: a Blockburger analysis of whether the two offenses have the same elements. Under the Blockburger test, two offenses are not the "same" for double jeopardy purposes if each "requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304. An offense encompassed in total within another offense—what we call a "lesser included offense"—does not require proof of an additional fact, and it is therefore considered the same offense and barred by double jeopardy.

The jury convicted Carlos Hayes for aggravated robbery and theft, both of which were based upon taking the same vehicle. Reginald Hayes was convicted of facilitation of robbery and facilitation of theft, again based upon the same property. In this state, theft is a lesser included offense of robbery and aggravated robbery. See State v. King, 905 S.W.2d 207, 214 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Williams, 977 S.W.2d 101, 106-08 (Tenn. 1998); State v. David L. Owens, No. 02C01-7906-CR-00204, 1998 WL 211795, at *1 (Tenn. Crim. App., Jackson, May 1, 1998); State v. Timothy Roberson, No. 02C01-9508-CC-00245, 1997 WL 736513, at *9 (Tenn. Crim. App., Jackson, Dec. 1, 1997); State v. Preston Carter, No. 02C01-9504-CR-00100, 1996 WL 417669, at *3 (Tenn. Crim. App., Jackson, July 26, 1996).

Aggravated robbery is "robbery as defined in § 39-13-401 . . . [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to believe it to be a deadly weapon." Tenn. Code Ann. § 39-13-402. Robbery is "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. § 39-13-401. Because the offense of theft is wholly incorporated into the offense of aggravated robbery and because facilitation of theft is thereby incorporated into the offense of facilitation of robbery, the offenses are the "same" under Blockburger. In this case, the federal and state constitutions compel protection for Defendants against conviction for both offenses.

## II. SUFFICIENCY OF THE EVIDENCE

Both Defendants contest the sufficiency of the evidence presented by the State to convict them. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact beyond a reasonable doubt." Tenn. R. App. P. 13(e). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citing State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1976), and State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977)); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Holt v. State, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914 (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191 (citing Cabbage, 571 S.W.2d at 836). Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. We conclude that the State presented evidence sufficient to permit the jury to find Carlos Hayes guilty of aggravated robbery and Reginald Hayes guilty of facilitation of robbery.

The proof at trial demonstrated that a person who identified himself as Carlos Hayes telephoned to ask whether the Midway Ford dealership had a 1996 black convertible Mustang GT in stock. The same afternoon, a man who introduced himself as Carlos Hayes entered the dealership and asked for the salesperson with whom he had spoken on the phone. Mabry, the salesperson, identified this man at trial as Defendant Carlos Hayes.

Shane Johnson, the victim, also identified Carlos at trial as the man who requested and went on a test drive of the black Mustang with him. He testified that Carlos displayed a gun during the test drive and told him to "keep going." After Johnson ran, Carlos drove away in the car. We conclude that the jury could reasonably have found that Carlos Hayes intentionally or knowingly, with intent to deprive the owner of the vehicle, obtained or exercised control over the vehicle from the person of Shane Johnson by putting him in fear by use of a deadly weapon. See Tenn. Code Ann. §§ 39-13-401, -402, 39-14-103.

In addition, we find the evidence sufficient to permit a jury to conclude that Reginald Hayes knowingly furnished substantial assistance to his brother Carlos in the commission of robbery. See id. § 39-11-403. The proof showed that Reginald accompanied Carlos to Midway Ford and remained in the driver's seat of their car in the parking lot throughout the incident. When approached by a representative of the dealership, Reginald quickly drove away in the direction toward where police later found the stolen vehicle.

Salespersons Mabry and Johnson testified that they never saw Reginald leave the green 4Runner, yet crime-scene investigators located his fingerprints

-8-

several places on the black Mustang. Although the jury heard testimony that the fingerprints could have been placed on the Mustang days earlier on the sales lot, and despite testimony by Midway's general manager that he saw Reginald get out of the 4Runner at some point, we believe that the jurors were entitled from the facts to conclude that Reginald may have met Carlos at a predetermined location after the robbery, where he there touched the car. This evidence strengthens the State's theory of Reginald Hayes's facilitation of the crime.

III. INCONSISTENCY OF VERDICTS

Finally, Reginald Hayes contends that his conviction for facilitation of robbery is inconsistent with his brother's conviction for aggravated robbery and that his conviction for facilitation should therefore be reversed. He argues that the jury could not have found him guilty of assisting a robbery when it concluded that Carlos Hayes committed an aggravated robbery. In essence, Defendant asserts that when Carlos committed an aggravated robbery, he did not commit a robbery; and this issue entirely lacks merit.

The State correctly cites our supreme court's decision in Wiggins v. State, 498 S.W.2d 92 (Tenn. 1973), that consistency of verdict is not required, so long as "the evidence establishes guilt of the offense upon which the conviction was returned." Id. at 94. This Court recently reaffirmed the principle in State v. Tony Scott Walker, No. 02C01-9704-CC-00147, 1997 WL 746433, at *3-*5 (Tenn. Crim. App., Jackson, Dec. 3, 1997). We are convinced that a verdict of guilt for facilitation of robbery was within the purview of the jury, and we therefore affirm the conviction on this count.

Carlos Hayes's conviction for theft of property valued between $10,000 and $60,000 and Reginald Hayes's conviction for facilitation of theft are accordingly reversed, and their convictions for aggravated robbery and facilitation of robbery, respectively, are affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE