IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2001

## STATE OF TENNESSEE v. RICKIE BOYD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-10523     Joseph B. Dailey, Judge**

————————————

**No. W2000-01010-CCA-R3-CD - Filed September 10, 2001**

————————————

The defendant, Rickie Boyd, was convicted by a Shelby County, Tennessee jury of the offense of aggravated robbery. He was sentenced to 18 years incarceration as a Range II, multiple offender. In this appeal he maintains the trial court erred in failing to instruct the jury with respect to the lesser included offense of theft of property. We conclude that is was error to fail to instruct the jury with respect to theft of property. However, we also conclude that this error was harmless beyond a reasonable doubt, and we therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., joined and JOE G. RILEY, J., filed a concurring opinion.

Rebecca G. Coffee and Louis P. Chiozza, III, Memphis, Tennessee, for appellant, Rickie Boyd.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jennifer Nichols, District Attorney General, for appellee, State of Tennessee.

### OPINION

Factual Background

On June 23, 1997, Tomiko Wade was working at the Mapco Express at 298 East Mallory. Sometime after 2:00 a.m., a man entered the store with a plastic bag over his face and demanded money in the cash register. After Ms. Wade emptied the first cash register, the intruder demanded that she empty the second register. According to Ms. Wade, the robber carried a green tote bag. He held his hand in the tote bag as if he had a gun pointed at Ms. Wade. Ms. Wade testified she was terrified and immediately gave the robber the store's money. After taking the money from both cash registers, the robber fled the premises.

According to Ms. Wade, she could see the intruder's face even though he wore a plastic bag over it. Ms. Wade recognized the defendant as the robber. Three days prior to the robbery, the defendant had entered the store and tried to sell Ms. Wade a purse. After Ms. Wade refused to buy a purse from the defendant, he stayed and talked to a co-worker of Ms. Wade's for about an hour.

On June 27, 1997, Ms. Wade returned to the Mapco Express. As she pulled into the parking lot, she noticed that the defendant was standing at one of the pumps putting gas in his car. When she entered the store, Ms. Wade informed Officer Curtis Hafley and Officer David Hawkins that the man who robbed the store was outside. By the time everyone turned to look, the defendant had fled the scene. At this point, Officer Hafley stayed in the store with Ms. Wade and Officer Hawkins pursued the defendant. A few blocks from the Mapco Express, Officer Hawkins caught up with the defendant and arrested him. When the defendant was returned to the Mapco Express, Ms. Wade identified him as the man who had robbed her at gunpoint a few nights before.

The next day, Ms. Wade went to the police station to answer questions and give a statement about the robbery. While at the police station, Ms. Wade reviewed a photo spread of possible suspects. After reviewing the photos, Ms. Wade identified the defendant as the man who robbed the store.

Based on the foregoing, the Shelby County Grand Jury returned a single count indictment alleging that the defendant committed the offense of aggravated robbery. See Tenn. Code Ann. § 39-13-402. At trial, following a presentation of all the evidence and argument, the trial judge instructed the jury as to the indicted offense of aggravated robbery and on the lesser included offense of simple robbery. See Tenn. Code Ann. § 39-13-401. The jury rejected a finding of guilt on the lesser included offense of simple robbery and instead concluded beyond a reasonable doubt that the defendant had committed aggravated robbery.

## Failure to Instruct on Theft of Property

The defendant contends that the trial judge committed reversible error in failing to instruct the jury that it might consider whether the defendant's crime was nothing more than the offense of theft of property, a violation of Tennessee Code Annotated Section 39-14-103. The State argues that any error in failing to instruct the jury on the crime of theft of property was harmless and does not require a reversal.

The Tennessee Supreme Court has in a recent line of cases dealt extensively with the questions of what constitutes a lesser-included offense to the charged offense; when does the duty of a trial judge arise to instruct the jury as to these lesser offenses; and, in the event the trial judge erroneously fails to give a lesser included offense instruction, what is the standard of review as to whether such error is harmless. While many corollary questions in this area of the law remain for the courts to sort out, the broad questions set forth above have been answered by the supreme court.

Although the proposition that a trial court has a duty, with or without a special request, to instruct the jury with respect to certain lesser offenses to the offense charged has been a part of Tennessee jurisprudence for many years,[1] the question of what offenses should be offered to the jury for consideration proved somewhat vexatious. Prior to 1996 Tennessee law provided that an offense was necessarily included in another if "the elements of the greater offense, as those elements are set

---

[1]This principle, currently reflected in Tennessee Code Annotated Section 40-18-110(a), was first adopted in this state in 1877. See Tenn. Code Ann. § 40-18-110.

forth in the indictment, include, but are not congruent with, all the elements of the lesser." Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979). Thus, where the evidence, upon any view the jury might take of it, permitted an inference of guilt as to a lesser included offense, it became the duty of the trial judge to instruct the jury on the lesser included offense. Id.

Following the adoption of the 1989 Criminal Sentencing Reform Act, a strict "elements test" for lesser included offenses became inadequate for determining which lesser offenses to the indicted offense should be submitted to the jury. Then in 1996 the supreme court rendered its opinion in State v. Trusty, 919 S.W.2d 305 (Tenn. 1996), overruled by State v. Burns, 6 S.W.3d 453 (Tenn. 1999); State v. Dominy, 6 S.W.3d 472 (Tenn. 1999). In Trusty the court expanded the duty of the trial court to instruct the jury in appropriate cases, not only on lesser offenses necessarily included in the indicted offense, but also on "lesser grades or classes" of offenses to the indicted offense.[2] See id. at 311. Trusty proved unworkable in practice and in 1999 the Tennessee Supreme Court decided State v. Dominy, in which the Trusty analysis with respect to lesser offenses was rejected. See Dominy 6 S.W.3d at 473-75. Simultaneously to the decision in Dominy, the court handed down its opinion in State v. Burns, 6 S.W.3d 453 (Tenn. 1999). In Burns the court held that an offense qualifies as a lesser included offense if:

(a)     all of its statutory elements are included within the statutory elements of the offense charged; or

(b)     it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c)     it consists of [facilitation of, attempt to commit, or solicitation to commit] the offense charged or on an offense that otherwise meets the definition of lesser-included offense in part (a) or (b) . . . .

Id. at 466-67.

Once it is determined that an offense is a lesser included offense the trial court must determine "whether the evidence justifies a jury instruction on such lesser offense". Id. at 467. As stated in Burns, "[t]he mere existence of a lesser offense to a charged offense is not sufficient alone to warrant a charge on that offense." Id. at 468. According to Burns, the test for deciding that a jury instruction on a particular lesser offense is mandated is as follows:

First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

---

[2]Tennessee Code Annotated Section 40-18-110(a) speaks of "grades or classes . . . included in the indictment . . . ."

Id. at 469; see also State v. Bowles, ___ S.W.3d ___ (Tenn. 2001).

The supreme court has additionally stated:

> If the evidence would support a finding of guilt on the lesser offense, an error in failing to charge that lesser offense will not be negated merely because the evidence is also sufficient to convict on a greater offense, for the defendant need not demonstrate a basis for acquittal on the greater offense. See Id. at 472.

Id. at ___; see also Burns 6 S.W.3d at 472.

Prior to Burns, the Tennessee Supreme Court had decided the case of State v. Williams, 977 S.W.2d 101 (Tenn. 1998). In that case the court determined that an erroneous failure to instruct the jury on a lesser included offense was subject to harmless error analysis. Id. at 105. However, it remained somewhat unclear as to whether the standard for determining when the error was harmless was the "more probably than not affected the judgment" standard of Tenn. R. App. P. 36(b), or the more stringent standard of harmless error review reserved for constitutional errors, i.e. whether the error can be said to be harmless "beyond a reasonable doubt." See Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); State v. Scott, 33 S.W.3d 746, 755 (Tenn. 2000). This question turned on whether the duty to charge lesser included offenses to the indicted charge arises merely from the statutory mandate of Tennessee Code Annotated Section 40-18-110(a), from the state constitution, or from both sources.

The supreme court answered the question just posed in the case of State v. Ely & Bowers, ____ S.W.3d ____ (Tenn. 2001); in that case the court determined that a trial court's obligation to charge on lesser included offenses derived not only from statute, but more importantly from Article I, Sec. 6 of the Constitution of Tennessee. Id. at ____. Therefore, the court held, when reviewing an erroneous failure to instruct the jury on a lesser included offense to the indicted offense, an appellate court, if it is to affirm the conviction, must be satisfied that the state has proven that the error was harmless beyond a reasonable doubt. Id. at ____.

Most recently our supreme court decided the case of State v. Bowles, ___ S.W.3d ____ (Tenn. 2001), in which the court determined that the situation presented in Williams, provided the paradigm for finding that an erroneous failure to instruct the jury on a lesser included offense was harmless beyond a reasonable doubt. Bowles ___ S.W.3d at ____.[3] In Williams, the jury was given instructions regarding the charged offense of first degree murder and the lesser-included offenses of second degree murder and reckless homicide. Id. at 104. It convicted the defendant of first degree murder. Id. On appeal the defendant argued the jury should have been given instructions regarding the lesser-included offense of voluntary manslaughter. Id. The Williams court recognized voluntary manslaughter as a lesser-included offense of first degree murder but found that the failure of the trial judge to instruct the jury was harmless. Id. at 104-07. "[B]y finding the defendant guilty

---

[3]It remains unclear whether situations other than the Williams scenario may provide a basis for finding an erroneous failure to instruct on lesser offenses harmless beyond a reasonable doubt. However, in view of holding infra, we need not address that question here.

of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses, including voluntary manslaughter." Id. at 106; see also, Bowles, ____ S.W.3d at ____ (finding that error in failing to instruct on sexual battery harmless beyond a reasonable doubt where jury declined to find the defendant guilty of rape or aggravated sexual battery and convicted on most serious charge of aggravated rape); but see Ely & Bowers, ___S.W.3d at ____ (distinguishing Williams and refusing, when "the jury . . . was given no option to convict of a lesser offense," to hold harmless beyond a reasonable doubt a failure to provide lesser-included offense instructions).

With this background in mind, we now turn to the scenario presented by the case sub judice. In this case the defendant was convicted of aggravated robbery and the jury declined to find him guilty of simple robbery. He maintains that an instruction on theft of property should have been given. It is true that theft of property is a lesser-included offense of aggravated robbery and robbery. Bowles, ____ S.W.3d at ____; State v. Fitz, 19 S.W.3d 213, 216 (Tenn. 2000); State v. Hayes, 7 S.W.3d 52, 56 (Tenn. Crim. App. 1999). Theft is elevated to robbery when the theft is accomplished by putting the victim in fear or by violence. Bowles, ___S.W.3d at ___ [citing James v. State, 385 S.W.2d 86, 88 (Tenn. 1964)]. If the robbery is accomplished by using a deadly weapon, or displaying "any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon," the robbery becomes aggravated robbery.[4] See Tenn. Code Ann. § 39-13-402(a)(1).

The record reveals that the defendant entered the Mapco store with a green tote bag. He had his hand in the bag as though he held a gun, and he pointed the bag at the store clerk. The clerk testified she was terrified for her life and so she immediately turned over the store's money. Clearly the evidence is sufficient for an aggravated robbery conviction. There is no proof that the defendant actually displayed a weapon or verbally threatened the store clerk with harm. However, as noted in Bowles, ___ S.W.3d at ___, it is not necessary that the defendant establish a basis for acquittal on the offense of which he was convicted; he only has to demonstrate that evidence exists which rational minds could accept as to the offense of theft. Because all of the elements of theft are also demonstrated by the proof in this case it was error for the trial court not to instruct the jury regarding that offense. Id.

However, this case presents exactly the scenario presented in Williams. Here, as in that case, the jury was presented with an opportunity to consider an intermediate lesser-included offense but rejected it. Under these circumstances we must conclude that the erroneous failure to charge on the lesser-included offense of theft was harmless beyond a reasonable doubt. The judgment of the trial court is therefore affirmed.

_____

JERRY L. SMITH, JUDGE

---

[4] The robbery may also become aggravated robbery if the victim suffers serious bodily injury. See Tenn. Code Ann. § 40-13-402(a)(2).