IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2008

## STATE OF TENNESSEE v. LONNIE JONES

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-01622     Chris Craft, Judge**

**No. W2007-01120-CCA-R3-CD  - Filed May 7, 2008**

The appellant, Lonnie Jones, was convicted by a jury in the Shelby County Criminal Court of aggravated robbery.  The trial court sentenced the appellant as a standard Range I offender to eleven years in the Tennessee Department of Correction.  On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Garland Ergüden (on appeal) and Trent Hall (at trial), Memphis, Tennessee, for the appellant, Lonnie Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris West, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

At trial, the victim, Ivan Jackson, testified that on February 4, 2005, around "rush hour," he drove to the Family Dollar store on Park Avenue and parked his car about thirty feet from the front door.  Approximately one minute later, a man wearing a red skull cap and a red shirt opened the unlocked driver's side door of the car, pointed a .40 or .45 caliber pistol at the victim, and told him to "get out of the f[—]in' car."  The perpetrator got into the car and attempted to "crank" it; however, the car was already running.  The perpetrator put the car in reverse, backed out of the parking space,

and drove onto Park Avenue.

The victim said that he saw his brother, Jonarkhin Jackson,[1] coming out of the Family Dollar store. The victim ran to Jonarkhin's car and spoke with him and his brother's girlfriend, "Reese." After speaking with his brother, the victim used a pay telephone to call 911 to report the robbery. Police arrived within five or ten minutes.

The victim said that his car was a 1981 Chevrolet Caprice which had belonged to his grandfather. The victim had paid $1800 to have the car painted; the bottom of the car was pearl green and the top was mint green. The victim described the rims on the car as "twenty-inch crystal lead runners" for which he paid $1300.

Some time after the offense, police asked the victim to view a photographic lineup. However, the victim was unable to identify the perpetrator from the lineup. Approximately two or two and a half weeks after the offense, the victim was notified that his car was at an impound lot. The victim said that his car had been damaged and stripped of most of its parts until "[i]t was like a shell."

The victim's brother, Jonarkhin Jackson, testified that on February 4, 2005, he went to the Family Dollar store. He said that as he came out of the store, the appellant passed by him, saying "Hey." He recalled that the appellant was wearing a red skull cap, a long red T-shirt, and blue jeans. Jonarkhin walked into the parking lot and spoke with the victim who was sitting in his car. After returning to the car where his girlfriend, Jereese Williams, was waiting, Jonarkhin saw the appellant go to the victim's car and raise the door handle. He did not think anything was wrong because he assumed the appellant was a friend of the victim. Shortly thereafter, the victim came running up to Jonarkhin's car. Jonarkhin saw the appellant try to "crank" the victim's car. The car was already running, and it made a loud noise. Jonarkhin saw the appellant drive away in the victim's car, and he saw a two-door burgundy Cutlass with tinted windows trail behind the stolen car. Jonarkhin recalled that after the appellant drove away, the victim ran to a nearby pay telephone and called the police. They arrived five or ten minutes later.

About two weeks later, Jonarkhin went to the police station to view a photographic lineup. He identified the appellant as the perpetrator.

Patrice Hamer testified that on February 6, 2005, she left her house with her sister. When she returned, there was a two-toned green Chevrolet Caprice in her driveway. Hamer did not know who owned the car, but she was told that it belonged to her boyfriend's cousin, the appellant. Hamer said that during the next two weeks, she saw Bobby Russell and a man named Sherman take parts from the car. Hamer stated that the appellant took a radio from the car. Hamer recalled that the appellant had another car in her backyard that he was "fixing up."

---

[1] Some of the witnesses in this case share a surname. Therefore, for clarity, we have chosen to utilize their first names. We mean no disrespect to these individuals.

Hamer testified that she told the appellant to get the Caprice out of her driveway. After the car had been in her driveway for two weeks, Hamer called a private towing company to get the car. Hamer recalled that half an hour after the car was towed, police contacted Hamer about the car.

Officer Donilil Hopkins of the Memphis Police Department testified that he investigated a robbery case involving the victim. He said that a car stolen in the robbery was located at Hamer's house in North Memphis. Officer Hopkins recalled that while the victim was unable to make a positive identification of the perpetrator, Jonarkhin Jackson identified the appellant as the perpetrator.

Based upon the foregoing, the jury convicted the appellant of the aggravated robbery of Ivan Jackson. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction.

## II. Analysis

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

Aggravated robbery is defined as robbery accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. See Tenn. Code Ann. § 39-13-402(a)(1) (2003). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (2003). A theft of property occurs when someone, with the intent to deprive the owner of property, knowingly obtains or exercises control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103 (2003).

The appellant contends that the evidence identifying him as the perpetrator is not credible. We disagree. The proof at trial showed that Jonarkhin Jackson saw the appellant before and during the offense. He said that the appellant was wearing a red skull cap and a red T-shirt. He saw the appellant approach the victim's car and lift the door handle. Later, he saw the appellant drive away in the victim's car. The victim asserted that a man wearing a red skull cap and a red shirt opened

the car door, pointed a pistol at him, and ordered him to exit the car. The victim said he watched the perpetrator drive off in his car. Hamer said that two days later, the victim's car was parked in her driveway, and she was told it was the appellant's car. She also said that the appellant took a radio from the car a few days later. We conclude that the foregoing proof establishes the elements of aggravated robbery and sufficiently identifies the appellant as the perpetrator of the offense. See State v. Hayes, 7 S.W.3d 52, 56-57 (Tenn. Crim. App. 1999); see also State v. Allen, 69 S.W.3d 181, 186 (Tenn. 2002)

### III.  Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE