# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ERIC D. WALLACE v. ARVIL CHAPMAN, WARDEN

**Appeal from the Circuit Court of Wayne County**
**No. 15154     Robert L. Jones, Judge**

**No. M2012-00749-CCA-R3-HC - Filed November 9, 2012**

Eric D. Wallace ("the Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus, alleging that (1) his indictment for attempted first degree murder is defective because it was amended improperly to include a factual basis for aggravated assault; (2) the judgment and sentence imposed for felony murder and attempted first degree murder are void; and (3) the felony murder conviction must be dismissed. The habeas corpus court summarily denied relief, and this appeal followed. We affirm the habeas corpus court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Eric D. Wallace, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Clarence E. Lutz, Assistant Attorney General; for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

On March 31, 1995, the Petitioner was convicted by a jury of murder in the perpetration of a felony ("felony murder") and attempt to commit first degree murder. The trial court sentenced the Petitioner to life imprisonment for the felony murder conviction and to fifteen years as a Range I, standard offender for the attempted first degree murder conviction, to be served consecutively. The Petitioner appealed, and this Court affirmed the Petitioner's convictions and sentences. See State v. Eric D. Wallace, No. 02-C-01-9604-CR-00125, 1997 WL 421011, at *1 (Tenn. Crim. App. July 28, 1997), perm. app. denied, (Tenn. April 6, 1998).

The Petitioner, pro se, then filed for post-conviction relief, which was denied by the post-conviction court and affirmed on appeal. See Eric Wallace v. State, No. W2000-02854-CCA-R3-CD, 2002 WL 1483204, at *7 (Tenn. Crim. App. Feb. 19, 2002), perm. app. denied, (Tenn. Sept. 9, 2002); see also Eric Dewayne Wallace v. State, No. W2008-00867-CCA-R3-PC, 2009 WL 321294, at *2 (Tenn. Crim. App. Feb. 6, 2009) (affirming the post-conviction court's denial of motion to re-open petition). The Petitioner subsequently filed three separate petitions for writ of habeas corpus, all of which were summarily dismissed by the respective habeas corpus courts and affirmed on appeal. See Eric D. Wallace v. James M. Dukes, Warden, No. W2002-00882-CCA-R3-CO, 2002 WL 31895727, at *2 (Tenn. Crim. App. Dec. 31, 2002), perm. app. denied, (Tenn. March 10, 2003); Eric D. Wallace v. Stephen Dotson, Warden, No. W2006-00908-CCA-R3-HC, 2007 WL 852173, at *2 (Tenn. Crim. App. Mar. 22, 2007), perm. app. denied, (Tenn. Aug. 13, 2007); Eric D. Wallace v. Stephen Dobson, Warden, No. W2010-01784-CCA-R3-HC, 2011 WL 2120103, at *11 (Tenn. Crim. App. May 17, 2011).

On January 10, 2012, the Petitioner filed his fourth petition seeking habeas corpus relief. The habeas corpus court summarily dismissed the petition, and the Petitioner

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

appealed. The State moved this Court to affirm the habeas corpus court's judgment pursuant to Rule 20, Rules of Court of Criminal Appeals. The Petitioner has raised the following issues on appeal: (1) the indictment for attempted first degree murder is defective because it was amended improperly to include a factual basis for aggravated assault; (2) the judgment and sentence imposed for felony murder and attempted first degree murder are void; and (3) the felony murder conviction must be dismissed because the victim was not killed recklessly during the perpetration of the underlying felony. The State's motion is well taken, and, accordingly, we affirm the habeas corpus court's judgment pursuant to Rule 20.

## Analysis

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." Cantrell v. Easterling, 346 S.W.3d 445, 448 (Tenn. 2011) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's standard of review is de novo, with no presumption of correctness. Id. (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. Tennessee statutes, however, have governed this right for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 (Supp. 2011).

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)); see also Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

*Indictment*

The Petitioner challenges his indictment for attempted first degree murder. His primary assertion is that his indictment for attempted first degree murder was amended

improperly to include a factual basis for aggravated assault. Accordingly, he contends that his indictment is defective on two different bases. First, the Petitioner claims that the trial court erred in allowing the State to amend the attempted first degree murder indictment by relying on State v. Trusty, No. 02C01-9307-CR-00170, 1994 WL 553594 (Tenn. Crim. App. Oct. 12, 1994), rev'd, 919 S.W.2d 305 (Tenn. 1996), overruled by State v. Dominy, 6 S.W.3d 472 (Tenn. 1999), because Trusty was pending appeal in the Tennessee Supreme Court pursuant to Tennessee Rule of Appellate Procedure 11. In this regard, the Petitioner states that the trial court lacked jurisdiction because the amended first degree murder indictment was defective and contrary to Tennessee Rule of Appellate Procedure 42(a) and (b).[2] Second, the Petitioner challenges the addition of "aggravated assault elements" to the amended attempted first degree murder indictment. The Petitioner also argues that the amended indictment "add[ed] an additional and different offense" which is not permitted under Tennessee Rule of Criminal Procedure 7(b)(2).

The Petitioner's assertion that the trial court erred in allowing the State to amend the attempted first degree murder indictment is not reviewable in a habeas corpus proceeding. See, e.g., Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008) (citation omitted) ("It is well-settled that a 'petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction.'"). Instead, the Petitioner only can challenge the indictment itself. See Dykes, 978 S.W.2d at 529 ("[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the [trial] court of jurisdiction."). The validity of the Petitioner's indictment for attempted first degree murder has been adjudicated in prior habeas corpus proceedings. See Eric D. Wallace, 2002 WL 31895727, at *2 ("The indictments meet the criteria as set out in Tennessee Code Annotated section 40-13-202, as they are sufficient to apprize petitioner of the charges for which he needed to prepare."); Eric D. Wallace , 2011 WL 2120103, at *9 ("The Petitioner has failed to establish that these indictments are defective."). Accordingly, this argument is without merit.

The Petitioner also challenges the addition of "aggravated assault elements" to the amended indictment for attempted first degree murder, and he further claims that the amendment was not permitted under Tennessee Rule of Criminal Procedure 7(b). Once again, we specifically have addressed the former issue in a previous habeas corpus appeal.

---

[2] The Petitioner contends that pursuant to Tennessee Rule of Appellate Procedure 42(a) and (b) the trial court could not rely on Trusty because the Tennessee Supreme Court granted permission to appeal and "the trial court did not have 'any' mandate or an order from no Appellate court or the Supreme Court to proceed on Trusty, to allow such amendments." Although we need not reach the merits of this issue, we note that the Petitioner's reliance on Tennessee Rule of Appellate Procedure 42(a) and (b) is misguided.

See Eric D. Wallace, 2002 WL 31895727, at *2 (holding "that any surplusage in the indictment does not render it defective" and that the "elements of attempted first degree murder are sufficiently charged in the instant case, even after rejecting the surplusage."). With regard to the Petitioner's citation to Rule 7(b)(2), which states that a court may permit an amendment to the indictment without the defendant's consent if the amendment does not charge an additional or different offense, this issue is without merit as well. Again, this Court previously determined that the language in the indictment pertaining to aggravated assault was mere "surplusage." See id. Thus, it did not charge an additional or different offense. Accordingly, the Petitioner is entitled to no relief on the issue pertaining to the validity of his indictments.

*Sentence*

Next, the Petitioner asserts that his "judgment and sentence imposed for felony murder and attempt[ed] first degree murder is in direct contravention of [Tennessee Code Annotated section] 39-13-202(a)(2)[3] and thus, void." The Petitioner cites no authority in support of this proposition, and he does not support this proposition with any argument. Thus, he has waived this issue. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Nevertheless, if this issue were properly before this Court, the Petitioner would not be entitled to relief.

A sentence imposed in direct contravention of a statute is void and illegal. Summer v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Here, the Petitioner's sentences were not imposed in direct contravention of a statute. The Petitioner was sentenced to life imprisonment for his felony murder conviction, which resulted from the killing of Venita Swift in July 1992. At the time the Petitioner committed these offenses, a person convicted of felony murder "shall be punished by death or by imprisonment for life." Tenn. Code Ann. § 39-13-202 (1991). Because the Petitioner was sentenced in accordance with the applicable statute, his life imprisonment sentence is not illegal. In much the same way, the Petitioner's fifteen-year sentence for his attempted first degree murder conviction is not illegal because he was sentenced in accordance with the applicable statutes. See Tenn. Code Ann. § 40-35-112 (1991); § 39-11-117 (1991). Accordingly, the Petitioner is not entitled to habeas corpus relief on this issue.

---

[3] Tennessee Code Annotated section 39-13-202(a)(2) is the felony murder provision, which defines the elements of felony murder. To the extent the Petitioner is challenging his judgment and sentence based on the sufficiency of the evidence, this issue already has been adjudicated. See infra p. 6.

*Felony Murder Conviction*

Lastly, the Petitioner argues that the felony murder conviction must be dismissed because the victim was not killed recklessly during the perpetration of the underlying felony, attempted first degree murder. We construe this argument to be a challenge to the sufficiency of the evidence. A challenge to the sufficiency of the evidence is not cognizable in a habeas corpus proceeding. See, e.g., Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970) (holding that habeas corpus proceedings may not be employed to question, review, or test sufficiency of the evidence); Gant v. State, 507 S.W.2d 133, 136-37 (Tenn. Crim. App. 1973) (holding that habeas corpus relief is not available to challenge sufficiency of the evidence).

Moreover, this Court previously concluded that the evidence was sufficient to support both of the Petitioner's convictions. See Eric D. Wallace, 1997 WL 421011, at *3-4 ("[T]he evidence contained in the record supports a finding by a rational trier of fact the defendant recklessly shot the victim during an attempt to commit first degree murder . . . ."). Accordingly, the Petitioner is entitled to no relief on this issue.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the habeas corpus court pursuant to Rule 20, Rules of Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, JUDGE